# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
CASE NO.

THE NORTH FACE APPAREL CORP.,

       Plaintiff,

vs.

21833969; 21254964; 21794491; 21741987;
21822833; 21707555; 21759002; 21780110;
21806114; 20102264; 21806414; 21833141;
21847528; 20322647; 21796424; 21840833;
21730083; 21709769; 21786706; 21215839;
21622304; 21732300; 21796301; 20969039;
21567148; 21755566; 21806610; 20398045;
21563227; 21190679; 21271785; 21794929;
21834956; 21778007; 21711054; 21167384;
21769869; 21710702; 21779608; 21841180;
21804125; 20986610; 21812796; 20020973;
21722163; 21105650; 20601615; 21755409;
21733788; 21718876; 21820183; 21566968;
21751346; 21763333; 21666998; 21076094;
21656555; 21815059; 21844827; 21123978;
21840309; 21814620; 21756133; 21666879;
14394816; 21821318; 21573714; 21666915;
21813589; 21815118; 21068994; 21209654;
21826211; 21823354; 21063221; 21823898;
14497670; 21190333; 21828772; 21826119;
21740336; 21409017; 21566351; 20899944;
21759030; 21831037; 21833842; 20348018;
21034348; 21823997; 21819911; and
21650863, Each an Individual, Business Entity,
or Unincorporated Association,

       Defendants.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, The North Face Apparel Corp. ("Plaintiff" or "The North Face"),[1] hereby sues

Defendants, the Individuals, Business Entities, and Unincorporated Associations identified in the

---

[1] Plaintiff, The North Face Apparel Corp., is a related ultimate subsidiary of V.F. Corporation which is a global leader in branded lifestyle apparel, footwear and accessories.

caption above and set forth on Schedule "A" hereto (collectively "Defendants"). Defendants are promoting, selling, offering for sale, and distributing goods bearing and using counterfeits and confusingly similar imitations of The North Face's trademarks within this district through various Internet based e-commerce stores operating on the DHgate.com platform under the store identification numbers set forth on Schedule "A" (the "Store IDs"). In support of its claims, The North Face alleges as follows:

## JURISDICTION AND VENUE

1.     This is an action for damages and injunctive relief for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), The All Writs Act, 28 U.S.C. § 1651(a), and Florida's common law. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over The North Face's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2.     Defendants are subject to personal jurisdiction in this district because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this district through, at least, e-commerce stores accessible and doing business in Florida and operating under the Store IDs. Alternatively, based on their contacts with the United States, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, non-resident in the United States and engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling, and/or shipping infringing products into this district.

## THE PLAINTIFF

4.     The North Face Apparel Corp. ("The North Face") is a company organized and existing under the laws of the State of Delaware, having its principal place of business at 3411 Silverside Road, Wilmington, DE 19810.

5.     Goods bearing The North Face's registered trademarks set forth below are offered for sale and sold by The North Face and/or its licensees which are related operating companies within the V.F. Corporation's family of companies, through various channels of trade within the State of Florida, including this district, and throughout the United States. Defendants, through the sale and offer to sell counterfeit and infringing versions of The North Face's branded products, are directly and unfairly competing with The North Face's economic interests in the United States, including the State of Florida, and causing The North Face irreparable harm within this jurisdiction.

6.     Like many other famous trademark owners, The North Face suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit The North Face's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits across their e-commerce stores and websites. The natural and intended byproduct of Defendants' combined actions is the erosion and destruction of the goodwill

associated with The North Face's name and associated trademarks and the destruction of the legitimate market sector in which it operates.

7.     To combat the indivisible harm caused by the concurrent actions of Defendants and others engaging in similar conduct, each year The North Face expends significant monetary resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement, such as field training guides and seminars. The exponential growth of counterfeiting over the Internet, including through online marketplace and social media platforms, has created an environment that requires companies, such as The North Face, to expend significant resources across a wide spectrum of efforts in order to protect both consumers and it from confusion and the erosion of the goodwill embodied in The North Face's brand.

## THE DEFENDANTS

8.     Defendants are individuals, business entities of unknown makeup, or unincorporated associations each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions, redistribute products from the same or similar sources in those locations, and/or ship their goods from the same or similar sources in those locations to consumers as well as shipping and fulfillment centers within the United States to redistribute their products from those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants target their business activities toward consumers throughout the United States, including within this district, through the simultaneous operation of, at least, their commercial e-commerce stores under the Store IDs.

9.     Defendants use aliases in connection with the operation of their businesses, including but not limited to those identified by Defendant Number on Schedule "A."

4

10.     Defendants are the past and present controlling forces behind the sale of products bearing and/or using counterfeits and infringements of The North Face's trademarks as described herein.

11.     Defendants directly engage in unfair competition with The North Face by advertising, offering for sale, and selling goods each bearing and/or using counterfeits and infringements of one or more of The North Face's individual trademarks to consumers within the United States and this district through e-commerce stores using, at least, the Store IDs, as well as additional store identification numbers not yet known to The North Face. Defendants have purposefully directed some portion of their unlawful activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing branded versions of The North Face's goods into the State.

12.     Defendants have registered, established or purchased, and maintained their Store IDs. Defendants may have engaged in fraudulent conduct with respect to the registration or maintenance of the Store IDs by providing false and/or misleading information to the relevant e-commerce platforms where they offer to sell and/or sell. Many Defendants have registered and/or maintained some of their Store IDs for the sole purpose of engaging in unlawful counterfeiting and infringing activities.

13.     Defendants will likely continue to register or acquire new alias store identification numbers or other aliases and related payment accounts for the purpose of selling and/or offering for sale goods bearing and/or using counterfeit and confusingly similar imitations of one or more of The North Face's trademarks unless permanently enjoined.

14.     Defendants' Store IDs, associated payment accounts, and any other alias e-commerce store names, store identification numbers, and seller identification names used in

connection with the sale of counterfeit and infringing goods bearing and/or using one or more of The North Face's trademarks are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringement scheme and cause harm to The North Face. Moreover, Defendants are using The North Face's famous name and trademarks to drive Internet consumer traffic to their e-commerce stores operating under the Store IDs, thereby increasing the value of the Store IDs and decreasing the size and value of The North Face's legitimate marketplace and intellectual property rights at The North Face's expense.

## COMMON FACTUAL ALLEGATIONS

### The North Face's Trademark Rights

15.     The North Face is the owner of all rights, title, and interest in and to the following trademarks, which are valid and registered on the Principal Register of the United States Patent and Trademark Office (collectively, the "TNF Marks"):

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| THE NORTH FACE | 0,983,624 | May 14, 1974 | USC 003 - Backpacks<br>USC 022 - Sleeping bags; tents, snowshoes, and skis<br>USC 039 - Camping clothing namely rainwear, parkas, vests, trousers, shoes, gloves and headgear |
|  | 1,030,071 | January 13, 1976 | IC 018 - Backpacks<br>IC 020 - Sleeping bags<br>IC 022 - Tents<br>IC 025 - Camping clothing, namely, rainwear, parkas, vests, trousers, shoes, gloves, headgear and snowshoes |

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| THE NORTH FACE | 2,097,715 | September 16, 1997 | IC 018 - Backpacks<br>IC 020 - Sleeping bags<br>IC 022 - Tents<br>IC 025 - Clothing, namely, parkas, vests, jackets, anoraks, pants, ski bibs, gloves, mittens, underwear, hats, headbands, caps, ski suits, gaiters, shorts, and shirts |
| THE NORTH FACE | 3,538,773 | November 25, 2008 | IC 009 - Computer bags<br>IC 018 - All purpose sporting bags, backpacks, day packs, knapsacks, rucksacks, book bags, tote bags, handbags, duffel bags, knap sacks and duffel sacks, hip and lumbar packs, shoulder bags, book bags, waist packs, fanny packs, day packs, shoulder bags, satchels, mountaineering bags, Boston bags, internal frame packs, backpack bottle pockets, rain covers used to cover the aforesaid; hydration packs, namely, backpack hydration systems consisting of a backpack, a reservoir, and a mouthpiece connected to the reservoir by a tube; parts and fittings for all the aforesaid goods<br>IC 020 - Sleeping bags; covers for sleeping bags; sacks for carrying and storing sleeping bags; non-metal tent poles and tent stakes<br>IC 021 - Hydration packs, namely, hydration system consisting of a reservoir and a mouthpiece connected to the reservoir by a tube<br>IC 022 - Tents; tent accessories, namely, tent storage bags, rain flies, vinyl ground cloths, tent pole storage sacks<br>IC 025 - Clothing, namely, men's, women's, and children's T-shirts, shirts, tops, sweatshirts, sweatpants, pants, side zip pants, shorts, |

| Trademark | Registration Number | Registration Date | Class(es)/Goods |
|---|---|---|---|
| | | | trousers, vests, parkas, anoraks, coats, jackets, wind-resistant jackets, jacket hoods, pullovers, sweaters, underwear, thermal underwear, tights, gloves, mittens; outerwear, namely, shells, one-piece shell suits, ski wear, ski suits, ski vests, ski jackets, ski bibs, bib overalls, bib pants, snowboard wear, snow pants, snow suits, rain wear, rain jackets, rain pants, gaiters, namely, neck gaiters; skirts, skorts, dresses, swim trunks; footwear, namely, athletic shoes, sneakers, trail running shoes, climbing shoes, hiking shoes, slippers, boots, trekking boots, hiking boots, snowshoes, sandals; headgear, namely, caps, hats, headbands, scarves, earbands, balaclavas, visors, beanies<br>IC 035 - On-line retail store services, retail store services, mail order, catalogue and distributorship services, all featuring camping and outdoor gear and equipment, hardware, clothing, sportswear, eyewear, footwear, headgear, sports equipment and related accessories |
| THE NORTH FACE | 3,630,846 | June 2, 2009 | IC 025 - Footwear; head wear; rainwear; scarves; ski wear |
| | 3,630,850 | June 2, 2009 | IC 025 - Footwear; gloves; headgear, namely, hats, caps, headbands, visors, hosiery, namely long underwear; jackets; mittens; pants; parkas; shirts; shorts; ski jackets; skirts; tights; vests |

The TNF Marks are used in conjunction with the manufacture and distribution of high-quality goods in the categories identified above. True and correct copies of the Certificates of Registration for the TNF Marks are attached hereto as Composite Exhibit "1."

16. The TNF Marks have been used in interstate commerce to identify and distinguish high-quality goods for an extended period of time and serve as symbols of The North Face's quality, reputation, and goodwill.

17. Further, The North Face and its related companies expend substantial resources developing, advertising and otherwise promoting the TNF Marks. The TNF Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

18. The North Face and its related companies extensively use, advertise, and promote the TNF Marks in the United States in connection with the sale of high-quality goods. As a result, the TNF Marks are among the most widely recognized trademarks in the United States, and the trademarks have achieved secondary meaning among consumers as identifiers of high-quality goods.

19. The North Face has carefully monitored and policed the use of the TNF Marks and has never assigned or licensed the TNF Marks to any Defendant in this matter.

20. Genuine goods bearing and/or using the TNF Marks are widely legitimately advertised and promoted by The North Face, its related companies, authorized distributors, and unrelated third parties via the Internet. Visibility on the Internet, particularly via Internet search engines and social media platforms, is important to The North Face's overall marketing and consumer education efforts. Thus, The North Face, its related companies, and authorized distributors expend significant monetary and other resources on Internet marketing and consumer education regarding its products, including search engine optimization ("SEO"), search engine

marketing ("SEM"), and social media strategies. Those strategies allow The North Face, its related companies, and authorized distributors to educate consumers fairly and legitimately about the value associated with the TNF Marks and the goods sold thereunder and the problems associated with the counterfeiting of The North Face's trademarks.

**Defendants' Infringing Activities**

21.     Defendants are each promoting and advertising, distributing, selling, and/or offering for sale goods in interstate commerce bearing and/or using counterfeit and confusingly similar imitations of one or more of the TNF Marks (the "Counterfeit Goods") through at least the e-commerce stores under the Store IDs. In connection therewith, Defendants use the listing and associated images identified by the infringing product numbers on Schedule "A" annexed hereto. Specifically, Defendants are using the TNF Marks to initially attract online consumers and drive them to Defendants' e-commerce stores operating under the Store IDs. Defendants are each using identical copies of one or more of the TNF Marks for different quality goods. The North Face has used the TNF Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of The North Face's merchandise.

22.     Defendants' Counterfeit Goods are of a quality substantially different than that of The North Face's genuine goods. Defendants are actively using, promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high-quality goods offered for sale by The North Face despite Defendants' knowledge that they are without authority to use the TNF Marks. The net effect of Defendants' actions is likely to cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe all of Defendants' goods offered for sale in or through Defendants' e-

commerce stores are genuine goods originating from, associated with, and/or approved by The North Face.

23.     Defendants advertise their e-commerce stores, including their Counterfeit Goods offered for sale, to the consuming public using at least the Store IDs and associated alias store identification numbers. In so doing, Defendants improperly and unlawfully use one or more of The TNF Marks without The North Face's permission.

24.     Most Defendants are concurrently employing and benefitting from substantially similar advertising and marketing strategies based, in large measure, upon an unauthorized use of counterfeits and infringements of the TNF Marks. Specifically, Defendants are using counterfeits and infringements of The North Face's famous name and the TNF Marks to make their e-commerce stores selling unauthorized goods appear more relevant and attractive to consumers searching for both The North Face and non-The North Face goods and information online. By their actions, Defendants are contributing to the creation and maintenance of an unlawful marketplace operating in parallel to the legitimate marketplace for The North Face's genuine goods. Defendants are causing individual, concurrent, and indivisible harm to The North Face and the consuming public by (i) depriving The North Face and other third parties of their right to fairly compete for space online and within search engine results and reducing the visibility of The North Face's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the TNF Marks, and (iii) increasing The North Face's overall cost to market its goods and educate consumers about its brand via the Internet.

25.     Defendants are concurrently conducting and targeting their counterfeiting and infringing activities toward consumers and likely causing unified harm within this district and

elsewhere throughout the United States.  As a result, Defendants are defrauding The North Face and the consuming public for Defendants' own benefit.

26.     At all times relevant hereto, Defendants in this action had had full knowledge of The North Face's ownership of the TNF Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

27.     Defendants' use of the TNF Marks, including the promotion and advertisement, reproduction, distribution, sale, and offering for sale of their Counterfeit Goods, is without The North Face's consent or authorization.

28.     Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to The North Face's rights for the purpose of trading on The North Face's goodwill and reputation. If Defendants' intentional counterfeiting and infringing activities are not permanently enjoined by this Court, The North Face and the consuming public will continue to be harmed.

29.     Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during, and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive consumers, the public, and the trade into believing there is a connection or association between The North Face's genuine goods and Defendants' Counterfeit Goods, which there is not.

30.     Given the visibility of Defendants' various e-commerce stores and the similarity of their concurrent actions, it is clear Defendants are either affiliated, or at a minimum, cannot help but know of each other's existence and the unified harm likely to be caused to The North Face and the overall consumer market in which they operate because of Defendants' concurrent actions.

31.     Although some Defendants may be physically acting independently, they may properly be deemed to be acting in concert because the combined force of their actions serves to multiply the harm caused to The North Face.

32.     Defendants' associated e-commerce payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' trademark counterfeiting and infringing, and unfairly competitive activities connected to their Store IDs and any other alias store identification numbers used and/or controlled by them.

33.     Further, Defendants, upon information and belief, are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to The North Face.

34.     The North Face has no adequate remedy at law.

35.     The North Face is suffering irreparable injury because of Defendants' unauthorized and wrongful use of the TNF Marks. If Defendants' counterfeiting and infringing and unfairly competitive activities are not permanently enjoined by this Court, The North Face and the consuming public will continue to be harmed while Defendants wrongfully earn a substantial profit.

36.     The harm sustained by The North Face has been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

37.     The North Face hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

38.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the TNF

Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale, and/or sale of the Counterfeit Goods.

39.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and/or infringements of one or more of the TNF Marks. Defendants are continuously infringing and inducing others to infringe the TNF Marks by using one or more of them to advertise, promote, offer to sell, and/or sell counterfeit and infringing goods bearing and/or using the TNF Marks.

40.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

41.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable and irreparable harm to The North Face and are unjustly enriching Defendants with profits at The North Face's expense.

42.     Defendants' above-described unlawful actions constitute counterfeiting and infringement of the TNF Marks in violation of The North Face's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

43.     The North Face has suffered and will continue to suffer irreparable injury because of Defendants' above-described activities if Defendants are not permanently enjoined. Additionally, Defendants will continue to wrongfully profit from their unlawful activities.

## COUNT II - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

44.     The North Face hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

45. Defendants' Counterfeit Goods bearing, using, offered for sale, and sold using copies of one or more of the TNF Marks have been widely advertised and offered for sale throughout the United States via the Internet based e-commerce stores under the Store IDs.

46. Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of at least one or more of the TNF Marks are virtually identical in appearance to The North Face's genuine goods. However, Defendants' Counterfeit Goods are different in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among consumers as to at least the origin or sponsorship of their Counterfeit Goods.

47. Defendants have used in connection with their advertisement, offers for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and designs, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce in the United States with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to The North Face's detriment.

48. Defendants have each authorized infringing uses of one or more of the TNF Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods. Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

49. Additionally, Defendants are simultaneously using counterfeits and infringements of one or more of the TNF Marks to unfairly compete with The North Face and others for space within organic and paid search engine and social media results. Defendants are thereby jointly (i) depriving The North Face of valuable marketing and educational space online which would

otherwise be available to The North Face and (ii) reducing the visibility of The North Face's genuine goods on the World Wide Web and across social media platforms.

50.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

51.     The North Face has no adequate remedy at law and has sustained both individual and indivisible injury because of Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits from their unlawful activities and The North Face will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT III - COMMON LAW UNFAIR COMPETITION

52.     The North Face hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

53.     This is an action against Defendants based on their promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing and/or using marks that are virtually identical to one or more of the TNF Marks in violation of Florida's common law of unfair competition.

54.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing and/or using counterfeits and infringements of one or more of the TNF Marks. Defendants are also each using counterfeits and infringements of one or more of the TNF Marks to unfairly compete with The North Face and others for (i) space in search engine and social media results across an array of search terms and (ii) visibility on the World Wide Web.

55.     Defendants' infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of Defendants' e-commerce stores and websites as a whole and all products sold therein by their use of the TNF Marks.

56.     The North Face has no adequate remedy at law and has sustained both individual and indivisible injury because of Defendants' concurrent conduct. Absent an entry of an injunction by the Court, Defendants will continue to wrongfully reap profits and The North Face will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

**COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT**

57.     The North Face hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

58.     This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing and/or using one or more of the TNF Marks.  The North Face is the owner of all common law rights in and to the TNF Marks.

59.     Specifically, each Defendant is promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing and/or using infringements of one or more of the TNF Marks.

60.     Defendants' infringing activities are likely to cause and are causing confusion, mistake, and deception among consumers as to the origin and quality of Defendants' Counterfeit Goods bearing and/or using the TNF Marks.

61.     The North Face has no adequate remedy at law and has sustained both individual and indivisible injury because of Defendants' concurrent conduct. Absent an entry of an

injunction by this Court, Defendants will continue to wrongfully reap profits and The North Face will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

**PRAYER FOR RELIEF**

62.     WHEREFORE, The North Face demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

a.     Entry of a permanent injunction pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the TNF Marks; from using the TNF Marks, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or design that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with The North Face; from falsely representing themselves as being connected with The North Face, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any way endorsed by, approved by, and/or associated with The North Face; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the TNF Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to

18

falsely describe or represent Defendants' goods as being those of The North Face, or in any way endorsed by The North Face and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of The North Face's name or trademarks; and from otherwise unfairly competing with The North Face.

b.      Entry of a permanent injunction pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, enjoining Defendants and all third parties with actual notice of an injunction issued by the Court from participating in, including providing financial services, technical services or other support to, Defendants in connection with the sale and distribution of non-genuine goods bearing and/or using counterfeits and/or infringements of the TNF Marks.

c.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, authorizing The North Face to serve the injunction on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses which are or have been used by Defendants in connection with Defendants' promotion, offering for sale, and/or sale of goods bearing and/or using counterfeits and/or infringements of the TNF Marks.

d.      Entry of an order requiring Defendants to request in writing permanent termination of any Store IDs, usernames, and social media accounts they own, operate, or control on any e-commerce or social media platform.

e.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and this Court's inherent authority that, upon The North Face's request, the applicable administrators for the Store IDs which are provided with notice of an injunction issued by the Court, disable and/or cease facilitating access to the Store IDs and any other alias e-commerce stores,

usernames, store identification numbers, seller identification names, social media accounts, and private messaging accounts, being used and/or controlled by Defendants which have been used in connection with marketing, offering to sell, and/or selling goods bearing and/or using counterfeits and infringements of the TNF Marks.

        f.     Entry of an order pursuant to 28 U.S.C. §1651(a), The All Writs Act, and the Court's inherent authority that, upon The North Face's request, any administrators for the Store IDs which are provided with notice of an injunction issued by the Court, identify any e-mail address known to be associated with Defendants' respective Store IDs.

        a.     Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon The North Face's request, any marketplace administrator which is provided with notice of an injunction issued by the Court, permanently remove any and all listings and associated images of goods bearing and/or using counterfeits and/or infringements of the TNF Marks via the e-commerce stores operating under the Store IDs, including but not limited to the listings and associated images identified by the infringing product numbers on Schedule "A," and upon The North Face's request, any other listings and images of goods bearing and/or using counterfeits and/or infringements of the TNF Marks associated with or linked to the same sellers or linked to any other alias e-commerce stores, usernames, store identification numbers, seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing and/or using counterfeits and/or infringements of the TNF Marks.

        b.     Entry of an order pursuant to 15 U.S.C. § 1116, 28 U.S.C. §1651(a), The All Writs Act, Federal Rule of Civil Procedure 65, and this Court's inherent authority that, upon The North Face's request, Defendants and any marketplace administrator which is provided with

notice of an injunction issued by the Court, immediately cease fulfillment of and sequester all goods of each Defendant bearing one or more of the TNF Marks in its inventory, possession, custody, or control, and surrender those goods to The North Face.

      c.    Entry of an order requiring Defendants to account to and pay The North Face for all profits earned from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the profit award to The North Face be trebled, as provided for under 15 U.S.C. §1117, or that The North Face be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product type offered for sale or sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

      d.    Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of The North Face's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

      e.    Entry of an order pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, Federal Rule of Civil Procedure 65, and the Court's inherent authority that, upon The North Face's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify, restrain, and surrender to The North Face all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Store IDs including all related e-commerce stores, store identification numbers, seller identification names, or usernames used by Defendants presently or in the future, as well as any other related Store IDs and accounts of the same customer(s), and any other accounts which transfer funds into the same financial institution account(s), and remain restrained until such

funds are surrendered to The North Face in partial satisfaction of the monetary judgment entered herein.

f.      Entry of an award of pre-judgment interest on the judgment amount.

g.      Entry of an order requiring Defendants, at The North Face's request, to pay the cost necessary to correct any erroneous impression the consuming public may have received or derived concerning the nature, characteristics, or qualities of Defendants' products, including without limitation, the placement of corrective advertising and providing written notice to the public.

h.      Entry of an order for any further relief as the Court may deem just and proper.

DATED: November 30, 2022.          Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: **Stephen M. Gaffigan**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
T. Raquel Wiborg-Rodriguez (Fla. Bar No. 103372)
401 East Las Olas Blvd., #130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
E-mail: stephen@smgpa.net
E-mail: leo@smgpa.net
E-mail: raquel@smgpa.net

Attorneys for Plaintiff

## SCHEDULE "A"
## DEFENDANTS BY NUMBER, DHGATE.COM STORE ID, AND
## INFRINGING PRODUCT NUMBER

| Defendant Number | Defendant / Store ID | Infringing Product Number |
|---|---|---|
| 1 | 21833969 | 802041486 |
| 2 | 21254964 | 454902099 |
| 3 | 21794491 | 763430114 |
| 4 | 21741987 | 811814984 |
| 5 | 21822833 | 807264289 |
| 6 | 21707555 | 724484164 |
| 7 | 21759002 | 786063814 |
| 8 | 21780110 | 794877534 |
| 9 | 21806114 | 809975088 |
| 10 | 20102264 | 764157590 |
| 11 | 21806414 | 813832437 |
| 12 | 21833141 | 811977343 |
| 13 | 21847528 | 815346789 |
| 14 | 20322647 | 809380243 |
| 15 | 21796424 | 809648035 |
| 16 | 21840833 | 815930013 |
| 17 | 21730083 | 733768333 |
| 18 | 21709769 | 775100174 |
| 19 | 21786706 | 806468552 |
| 20 | 21215839 | 768396792 |
| 21 | 21622304 | 713420376 |
| 22 | 21732300 | 785234643 |
| 23 | 21796301 | 775234803 |
| 24 | 20969039 | 496139261 |
| 25 | 21567148 | 728891041 |
| 26 | 21755566 | 758751988 |
| 27 | 21806610 | 805196486 |
| 28 | 20398045 | 801531918 |
| 29 | 21563227 | 810375642 |
| 30 | 21190679 | 460579990 |
| 31 | 21271785 | 726757544 |
| 32 | 21794929 | 808712165 |
| 33 | 21834956 | 809634465 |
| 34 | 21778007 | 767709383 |
| 35 | 21711054 | 801196269 |
| 36 | 21167384 | 478173266 |
| 37 | 21769869 | 757403014 |

| 38 | 21710702 | 788424061 |
|----|----------|-----------|
| 39 | 21779608 | 764635855 |
| 40 | 21841180 | 809633161 |
| 41 | 21804125 | 793646893 |
| 42 | 20986610 | 733239244 |
| 43 | 21812796 | 809983730 |
| 44 | 20020973 | 813812328 |
| 45 | 21722163 | 754198020 |
| 46 | 21105650 | 717763438 |
| 47 | 20601615 | 810415008 |
| 48 | 21755409 | 751125799 |
| 49 | 21733788 | 739651569 |
| 50 | 21718876 | 739766020 |
| 51 | 21820183 | 809202505 |
| 52 | 21566968 | 724646403 |
| 53 | 21751346 | 755225609 |
| 54 | 21763333 | 755907198 |
| 55 | 21666998 | 738755085 |
| 56 | 21076094 | 806906720 492650960 |
| 57 | 21656555 | 739376493 |
| 58 | 21815059 | 789471650 |
| 59 | 21844827 | 813017269 |
| 60 | 21123978 | 627525967 |
| 61 | 21840309 | 809150653 |
| 62 | 21814620 | 806539045 |
| 63 | 21756133 | 811861020 |
| 64 | 21666879 | 727308235 |
| 65 | 14394816 | 805883763 |
| 66 | 21821318 | 785847660 |
| 67 | 21573714 | 589674564 |
| 68 | 21666915 | 739699006 |
| 69 | 21813589 | 787974175 |
| 70 | 21815118 | 786767340 |
| 71 | 21068994 | 658302601 |
| 72 | 21209654 | 734212526 |
| 73 | 21826211 | 800591027 |
| 74 | 21823354 | 795255082 |
| 75 | 21063221 | 510512656 |
| 76 | 21823898 | 809645734 |
| 77 | 14497670 | 802688392 |
| 78 | 21190333 | 767286649 |
| 79 | 21828772 | 811804936 |

| 80 | 21826119 | 800912104 |
| 81 | 21740336 | 805752350 |
| 82 | 21409017 | 661939659 |
| 83 | 21566351 | 809240718 |
| 84 | 20899944 | 731809407 |
| 85 | 21759030 | 803734619 |
| 86 | 21831037 | 799951927 |
| 87 | 21833842 | 812349147 |
| 88 | 20348018 | 805569701 |
| 89 | 21034348 | 601255980 |
| 90 | 21823997 | 799045019 |
| 91 | 21819911 | 782593672 |
| 92 | 21650863 | 688190310 |